■ In the Matter of the FEDERATION TO PRESERVE THE GREENWICH VILLAGE WATERFRONT AND GREAT PORT, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents.—Order, Supreme Court, New York County (Leland Degrasse, J.), entered March 1, 1989, which denied motion of petitioners-appellants pursuant to CPLR 6301 *et seq.* for a preliminary injunction to halt progress in the construction of the Morton Street Emergency Ventilation Facility, pending resolution of the underlying CPLR article 78 proceeding, unanimously affirmed, without costs, and a trial with respect to all controverted issues of fact, including whether respondents have violated procedural and substantive requirements of the State Environmental Quality Review Act (SEQRA), is directed to commence on June 1, 1989.

Petitioners, a coalition of individuals and not-for-profit corporations concerned with the preservation of the scenic and recreational characteristics of the Greenwich Village waterfront area which constitutes the site of the subject construc-

tion, have brought the underlying CPLR article 78 proceeding to, *inter alia,* annul the conveyance of certain easements to the land by respondent New York State Department of Transportation to respondent Port Authority Trans-Hudson Corporation (PATH). Among the issues raised in the proceeding are whether respondents have complied with the requirements of SEQRA, the Waterfront Revitalization Act, and the Highway Law, and whether respondents should be compelled to prepare and submit a draft environmental impact statement on the project.

Respondents urge that the two 4½-story masonry structures will provide much needed improvement in emergency ingress and egress, as well as ventilation of PATH tunnels which run under the Hudson River, and that the environmental assessment form prepared in connection with this project adequately demonstrates that it was designed to have minimal visible impact on the Morton Street area and its view corridor.

It is well established that the grant of preliminary injunctive relief lies within the discretion of the trial court, and that a reviewing court "should not determine finally the merits of the action and 'should not interfere with the exercise of discretion by [the trial court]' but should review only the determination of 'whether that discretion has been abused' ". *(Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324; *see also, Matter of Silver v Koch,* 137 AD2d 467, *lv denied* 73 NY2d 702.)

Upon review of the within record, we conclude that abuse of discretion has not been established, and therefore decline to disturb the denial of injunctive relief. Although a "full and fair evaluation of the merits of any project may be more difficult after that project has been permitted to progress through substantial implementation" *(Matter of Gerges v Koch,* 62 NY2d 84, 96), the most appropriate remedy in the within circumstances is a speedy trial at which all factual controversies surrounding the procedural and substantive challenges raised in this proceeding may be fully argued and expeditiously determined.

Accordingly, the order appealed from is affirmed, and the parties are directed to commence trial on June 1, 1989. Concur—Murphy, P. J., Ross, Kassal and Rubin, JJ.

(May 18, 1989)

■ The People of the State of New York, Appellant, v